## CARMICHAEL v. VANDEBUR AND HOPKINS.

1. **Practice: JUDGMENT: REVERSAL.** A judgment will not be reversed for an error of the court below, unless the question involved has in some way been presented to the court, and a ruling had thereon.

2. **Evidence: IDENTIFICATION OF PARTY.** It is competent to identify a party to the record of a former action and decree therein by parol evidence.

3. **Vendor and Vendee: FRAUDULENT REPRESENTATIONS.** Where an agent of the vendor, whose title was that of holder of a certificate of purchase at sheriff's sale, took the vendee upon the land proposed to be sold, and as an inducement to the sale pointed out certain improvements which were known by the vendor not to be covered by the certificate, and with such knowledge assigned the certificate, he cannot urge that the vendee should have made inquiry with respect to such improvements.

*Appeal from Lucas District Court.*

FRIDAY, APRIL 25.

THIS is an action to recover damages for the alleged fraudulent representations of defendants, by which plaintiff was induced to purchase of defendants certain real estate.

It is averred in substance, in the petition, that defendants represented that said real estate had been sold to them at sheriff's sale; that the time for redemption would expire in about fifteen days, when, if there should be no redemption, the sheriff would make a deed which would convey a perfect title, excepting that the holder of the sheriff's deed would have to redeem from a mortgage lien of one thousand two hundred and thirty-six dollars; that defendants' agent, one A. White, took the agent of plaintiff upon said land and pointed out the same, and particularly a dwelling-house, improvements and trees, and the surroundings, and the said agent, relying upon the representations made by said defendants and their agent, who particularly pointed out the premises, and believing she was purchasing the said dwelling-

house, trees, improvements, etc., as a part of the farm, she purchased the same of defendants and paid them therefor, redeeming the same from said prior mortgage, and took possession of said farm about November 13, 1876; that afterward Emma Webb, the wife of Martin Webb, brought an action against plaintiff, and obtained a decree for about two acres of said land, including the dwelling-house, trees and improvements aforesaid, the same being the homestead of said Martin Webb and Emma Webb, and that plaintiff has surrendered the possession of that part of said real estate to said Emma Webb.

It is averred that plaintiff has sustained damages, by reason of said false representations, in the sum of eight hundred dollars, for which she asks judgment.

The answer of defendants denies that they represented that the certificate of sale included the improvements situated on said farm, and denies that the certificate of sale did include said improvements.   Denies that A. White was the agent of defendants for the sale of said land.   The answer further avers that one Samuel Carmichael, who is the husband of the plaintiff, proposed to buy a certificate of purchase of said land which defendants held jointly, and defendants repeatedly informed said Carmichael that said certificate would not hold the homestead, and forty acres of land of said farm, including the improvements, but that they would assign all their right, title and interest therein for one hundred and thirty dollars, and advised said Carmichael to examine the records and ascertain from an abstract office the true condition of the title, and that defendants had been informed that Martin Webb, the former owner of said land, had procured a loan by mortgaging said land, and that said mortgage covered the house and homestead, and if this was true said Carmichael could purchase the mortgage and defendants' certificate, and thereby procure a title to the farm.

It is further averred that said Carmichael did consult attor-

neys and abstractors, and satisfied himself, and purchased defendants' certificate with the full understanding that the same would not secure the said homestead, nor any title thereto.

There was a trial by jury. A verdict was returned for the plaintiff for five hundred dollars, upon which judgment was rendered. Defendants appeal.

*Thorpe & Sons* and *J. D. Hull*, for appellants.

*Stuart Bros. & Bartholomew*, for appellee.

ROTHROCK, J.—I. It appears from the record that the verdict was returned on the 12th day of November, 1877. On

1. PRACTICE: judgment: reversal.

the 14th day of the same month a motion for a new trial was filed, submitted and taken under advisement, and the cause continued until the next term. On the 25th day of December, and in vacation, the motion for a new trial was overruled, and on January 11, 1878, in vacation, a judgment was entered upon the verdict of the jury. The appeal was taken in April, 1878.

It is now assigned as error that the court erred in overruling the motion for a new trial, and in rendering judgment in vacation. It is sufficient to say, upon this assignment of error, that the entry of a judgment in vacation was irregular. We are not prepared to say that it is void. Under certain circumstances it may be so entered. Code, § 183. But a more conclusive answer to the argument of counsel for appellant is that the rule is inflexible that a judgment cannot be reversed for an error of the court below unless the question involved has been in some way presented to the court, and a ruling had thereon. For aught that appears here, if this had been done the claim of appellee's counsel that the record should have shown an agreement of the parties for judgment in vacation would have been established.

II. The plaintiff introduced the record of the circuit

court showing that an action was brought by Martin Webb

**2. EVIDENCE: identification of party.** against Sarah J. Carmichael for the land embraced in the homestead. The decree of eviction was also against Sarah J. Carmichael. The plaintiff's name is Martha Carmichael. The defendants objected to this evidence, whereupon the court permitted the plaintiff, against the defendants' objection, to show by parol that the plaintiff was served with an original notice in that action, in the name of Sarah J. Carmichael; that she appeared thereto, and that the decree was taken against her by the name of Sarah J. Carmichael. This ruling of the court is assigned as error. That the plaintiff is estopped from ever questioning that decree, because there was a mistake in her name in the proceedings, admits of no question. After her appearance under the mistaken name, without objection, she is bound by the decree, no matter what her real name is. The parol evidence was properly admitted. It consisted of nothing but the mere identification of one of the parties to the decree. It is always allowable to identify the parties to any writing by parol evidence.

III.   No objection was made to the instructions of the court to the jury.   It is insisted, however, that the verdict is against

**3. VENDOR and vendee: fraudulent representations.** the instructions, and is not supported by the evidence.   We need not set out either the instructions or the evidence.   As to the former we may say they are in substance those usually given in cases of this character.   As to the evidence, we think it sufficiently supports the verdict to preclude our interference.   That White was the agent of the defendants, employed to sell the farm, we think is fully established; that he took Carmichael on the farm and showed him the dwelling-house, trees and other improvements is not denied.   The land with the improvements, from which the plaintiff was afterward evicted, was not detached from the other real estate.   Webb, the former owner, had absconded, and there was nothing in the appear-

Carmichael v. Vandebur and Hopkins.

ance of the property to indicate that any one had any homestead right in any part of it.

The acts of White in pointing out and examining with Carmichael the improvements in question were equivalent to a positive declaration that it was proposed to sell the whole of the land. Carmichael testifies that at no time did the defendants state that the certificate did not cover the whole of the real estate which was shown to him. Upon the other hand both of the defendants and their agent, White, testify that defendants stated to Carmichael that the certificate of sale did not cover the homestead.

It is true the defendants have more witnesses upon this question than the plaintiff has, but it is not our province to determine their credibility. We cannot take the place nor usurp the functions of the jury.

It is claimed that the plaintiff should have ascertained whether the certificate of sale included the homestead, and that he made no effort in that direction. It is very questionable whether any reasonable diligence to ascertain this fact would have been available. We are unable, from an examination to determine whether the description in the certificate includes the homestead, and the court instructed the jury that it was a question of fact for them to determine. This, however, as it appears to us, is not a material question. If the jury found that the defendants' agent, White, took Carmichael upon the land, and as an inducement to him to purchase pointed out these improvements, and that defendants, with knowledge of that fact, assigned the certificate knowing, as they claim they did, that it did not cover the homestead and improvements, they are in no position to urge that Carmichael should have made further inquiry.

AFFIRMED.