McGibbons v. Wilder.

**Fraud**: DECEPTION OF PURCHASER OF REAL ESTATE AS TO ITS LOCATION: DUTY TO INQUIRE. Defendant had once owned the land in question, but had sold it. At the request of the owner's agent, and without compensation, he undertook to show the location of the land to plaintiff, who was about to purchase the same, and he knowingly deceived her as to such location by false representations in regard thereto; and plaintiff, believing such representations to be true, and relying thereon, purchased the land, which was worth much less than the land shown her by defendant as the tract in question. These facts were specially found by the jury; and the evidence shows that nothing less than the employment of a competent surveyor to go upon the ground, and possibly upon the adjoining ground, with his instruments, would have enabled plaintiff to ascertain the true location of the land. *Held* that, upon the special findings, plaintiff was entitled to recover her damages of defendant, and that the evidence did not justify a special interrogatory and an instruction based upon the theory that plaintiff could not recover if, by the exercise of ordinary diligence, she could have ascertained the truth in relation to the situation of the land. (See opinion for cases followed and distinguished.)

*Appeal from Woodbury District Court.*—Hon. C. H. Lewis, Judge.

Filed, October 18, 1889.

Action at law to recover damages for alleged false and fraudulent representations made by the defendant to the plaintiff, by which, it is claimed, plaintiff was induced to purchase certain real estate with a mistaken belief as to its location. There was a trial by jury, which resulted in a verdict and judgment for the defendant. Plaintiff appeals.

*Hallam & Hallam*, for appellant.

*J. P. Blood*, for appellee.

Rothrock, J.—I. Two actions were commenced by the plaintiff against the defendant for false representations as to the location of two tracts of land. The

actions were consolidated and tried as one. The court, in its instructions to the jury, directed a verdict for the defendant as to one of the actions. No complaint is made by the plaintiff of this ruling of the court, and no consideration need be given to that cause of action. The cause submitted to the jury was based upon alleged false and fraudulent representations as to the location of a tract of land described as the west half of block 52, in Rustin & Co.'s addition to Sioux City. The court submitted certain special interrogatories to the jury in connection with the instruction. The following is a copy of said interrogatories, with the answers returned to the jury.

"(1) Did the defendant Wilder, just prior to the purchase of the west half of block 52, Rustin & Co.'s addition, by plaintiff, make to plaintiff's husband, while he was acting as her agent, the representations and statements which plaintiff in her petition says defendant did make to him? *Answer.* Yes. (2) Did defendant, prior to the purchase of the west half of said block 52, make to the plaintiff herself the statements and representations which she avers in her petition he did make to her? *A.* Yes. (3) Did defendant Wilder, just before the purchase of said block 52 by plaintiff, designate a corner as the corner of said block 52, and did he designate a tract as block 52, which corner and tract were not the true corner and block? *A.* Yes. (4) If he did make the statements and representations as claimed by plaintiff, and designate the corner and tract as claimed by her, then were such representations, statements and designations false? and did he then know them to be false? *A.* Yes. (5) If defendant made the representations, statements and designations as plaintiff claims, then did plaintiff believe the same to be true? and, *second*, if she did so believe, did she rely upon the same, and by reason thereof purchase the west half of block 52? *A.* Yes. (6) If the defendant made the statements and representations, and designated the corner and tract, as plaintiff claims, then could the plaintiff, by herself and husband, by the exercise of

reasonable diligence, have ascertained the truth with respect to such statements, representations and designations? *A.* Yes. (7) If defendant pointed out to plaintiff's husband a tract as the west half of block 52, which in fact was not said west half of block 52, then what, at said time, was the difference in value between the real west half of block 52, Rustin & Co.'s addition, and the tract by the defendant designated as such west half of said block? *A.* Three hundred dollars.

"C. H. MILVERSTED, Foreman."

It will be observed by the answers to the interrogatories that the jury found for the plaintiff upon every fact essential to a recovery on the ground of fraud, except that, in answer to the sixth question, it was found that the plaintiff or her husband, by the exercise of reasonable diligence, could _have ascertained the truth with respect to the false representations. This finding of the jury was doubtless based upon an instruction of the court which, upon the question of reasonable diligence, was as follows: "If the defendant made the representations, statements and designations as to corner and tract of block as by the plaintiff in her petition alleged, and the same were false; and if the plaintiff had ready means of information as to the facts with reference thereto, or by reasonable diligence could have obtained the same, it was her duty to have done so, and not have relied upon the statements of defendant; and if she had such means of information, and failed to exercise and use the same, and wholly relied upon defendant's statements, representations and designation, and by reason thereof made the purchase, and was damaged, still she cannot recover."

The only real question in the case is whether there were any facts attending the transaction complained of which warranted the giving of this instruction, and whether the jury were authorized, from the evidence, in finding, in effect, that the plaintiff could not recover because she did not exercise reasonable diligence to ascertain the facts as to the location of the land. It appears from the evidence that the defendant was at

one time the owner of the land. He sold the same, and, at the time of the false representations complained of, it was owned by one Linn. Wilder was not the agent of Linn for the sale of the property. One Ferris was Linn's agent, and the defendant went upon the land with the plaintiff's husband and Ferris at the request of Ferris. There is no evidence of any collusion between Wilder and Ferris. Ferris did not know where the corners of the land were, and Wilder was taken upon the ground to point them out. He had a map with him which described Rustin & Co.'s addition. He received no compensation for his services in pointing out the location of the property, but it appears that he did so as a favor to Ferris. Ferris and Wilder are both, by occupation, dealers in real estate, or real-estate agents. The fact is undisputed that Ferris, who was the accredited agent of Linn for the sale of the real estate, did not know where the corners were; and all the evidence shows that even with a map of the addition a person exercising ordinary diligence could not locate the corners. The court did not undertake to define what would constitute ordinary diligence under the facts in the case. It is very plain that nothing less than the employment of a competent surveyor to go upon the ground, and possibly the adjacent ground, with his instruments, would have enabled the plaintiff to ascertain the true corners of the land. Is there any legal requirement that a purchaser of real estate shall do this, to the end that he may protect himself against fraudulent representations as to the location of the land? We think not. In the case of *Slaughter's Adm'r v. Gerson*, 13 Wall. 379, it is said: "Where the means of knowledge are at hand, and equally available to both parties, and the subject of purchase is alike open to their inspection if the purchaser does not avail himself of these means and opportunities he will not be heard to say that he has been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that

he has suffered from his own voluntary blindness, and been misled by overconfidence in the statements of another." In 5 American and English Cyclopedia Law, 340, it is said: "It is the duty of every person, in transacting business, to use ordinary care and prudence. If false representations are made regarding. matters of fact, and the means of knowledge is equally open to both parties, and then one party, instead of informing himself, sees fit to put himself in the hands of the other, whose intent it is to mislead him, the law will give him no remedy for his injury." There is no doubt that the above citations state the correct rule as to the diligence required of the purchaser of property to protect himself against false representations, and that rule has been adopted by this court. *Bell v. Byerson*, 11 Iowa, 233. It has been held that where the seller of a horse falsely and fraudulently represents the animal to be perfect and sound, when in fact he has no tail or has lost an ear, there can be no recovery for such representation, because the defect is as open and obvious to the buyer as it is to the seller. On the other hand, it is said that "a man to whom a particular and distinct representation has been made is entitled to rely on the representation, and need not make any further inquiry, although there are circumstances in the case from which an inference inconsistent with the representation might be drawn." Kerr, Fraud & M. 80. This court has repeatedly held, in effect, that a party may rely upon representations as to the ownership of property, its location, and the like; and that, to entitle him to recover for fraudulent representations, he is not bound to show that he instituted inquiry by consulting records or plats, or employing a surveyor, or the like. *Hale v. Philbrick*, 42 Iowa, 81; *Carmichael v. Vandebur*, 50 Iowa, 651; *State v. McConkey*, 49 Iowa, 499. In the last-named case the defendant was imprisoned in the penitentiary for nine months for taking one Hunt to a locality in the city of Des Moines where he stepped and marked off, by stakes at the corners, a lot, and represented that he owned it; that it was block 2 in an addition to the city.

Hunt relied upon. the representation, and took a conveyance of the lot, and afterwards ascertained that lot 2 in said addition was in the middle of Coon river, and worthless.   This court held that the district court did not err in that case by refusing to instruct the jury that they must find that Hunt exercised ordinary prudence and diligence to inform himself of the truth or falsity of the representations; and the holding is that Hunt was not bound to consult maps or plats, or use the knowledge and skill necessary to correctly locate the lot.   We have said the defendant had no interest in the land sold to the plaintiff.   It is not claimed that he is not liable in damages for that reason.   That he is answerable in damages, see *Endsley v. Johns*, 120 Ill. 469; 12 N. E. Rep. 248; *Busterud v. Farrington*, 37 Minn. 519; 31 N. W. Rep. 360; *Avery v. Chapman*, 62 Iowa, 144; *McKown v. Ferguson*, 47 Iowa, 636.

We are united in the conclusion that the evidence did not authorize the instruction to the jury which we have been considering, and that interrogatory number 6 ought not to have been submitted to the jury, and that the answer thereto finds no support in the undisputed facts of the case.   As the answers to the other interrogations require a general verdict for the plaintiff, the court erred in overruling a motion made by the plaintiff for a judgment on the special findings notwithstanding the general verdict.   The cause is reversed, and remanded to the court below, with directions to render a judgment for the plaintiff for three hundred dollars, with interest at six per cent. from the seventh day of September, •1888.

REVERSED AND REMANDED.