GEORGE DENNISON v. JONATHAN D. GROVE.

1. A lessee, after accepting a lease and entering into possession of the premises, upon discovering a fraudulent representation by the lessor of a material fact, is not compelled to give up the premises and rescind the lease, but in an action against him for the rent may set up his damages from such fraudulent representations.

2. In an action for rent, the defence was made that the lessee was induced to accept the lease of the premises through the fraudulent representations of the lessor, that the farm was not wet to hurt, whereas it appeared that the soil was very deceiving, being apparently dry on the surface and for a depth of two or three inches, and below that depth was water-soaked, and it appearing that the lessee, before accepting the lease, personally examined the premises—*held*, that the question whether the representations of the lessor were fraudulent or not was properly submitted to the jury.

---

On *certiorari* to the Mercer Common Pleas.

Argued at June Term, 1889, before Justices KNAPP and DIXON.

For the plaintiff, *Carroll Robbins.*

For the defendant, *George O. Vanderbilt.*

The writ removes the judgment of the Court of Common Pleas of the county of Mercer, rendered on an appeal from the judgment of a court for the trial of small causes.

The opinion of the court was delivered by

KNAPP, J. From the record of the Common Pleas returned with this writ, and an agreed statement of facts, it appears that the suit was for a balance of rent claimed to be due from the defendant to the plaintiff on the demise of a farm by the plaintiff to the defendant. The defendant occupied the premises during the term, and paid a portion of the rent reserved in the lease. Against the balance sued for the defendant made the defence that he was induced to accept the lease of the premises through the false and fraudulent representations of the plaintiff concerning the condition of the leased lands, and that he suffered loss through such false statements. He asked that his damages for the loss be allowed him in reduction of the plaintiff's claim for rent. In support of this defence, the defendant gave evidence that, in answer to his inquiry of the plaintiff, made before the lease was signed, whether the land was not wet, the plaintiff's reply was, " that it was not wet to hurt," and " that it was not wet at all." This was followed by the testimony of many other witnesses, to the effect that the farm was very wet and miry ; that the soil was very deceiving, being apparently dry on the surface and for a depth of two or three inches, and below that depth was water-soaked ; that as a result of this condition of the land, the defendant was unable to raise, in the entire crops of the farm, produce equaling in its gross value the sum of the rent.

In proof of knowledge and fraudulent intent of the plaintiff, circumstances in the case were relied upon.

At the close of the defendant's case the plaintiff asked the court to overrule the defence and instruct the jury to find for the plaintiff, on the ground that there was no legal evidence of fraud, because the statement that the farm " was not wet to hurt " was an expression of an opinion, and not such a state-

·ment of fact as to constitute fraud if untrue; and further, because the defendant had personally examined the premises. The court declined to overrule the defence, or to direct a verdict as requested, but allowed the evidence to go to the jury, and they rendered a verdict for the defendant.

This ruling of the court lays the ground for the errors assigned, it being, so far as appears, the only objection raised at the trial.

The reasons assigned by the plaintiff in *certiorari*, and the scope of his argument, cover much wider grounds than the objection taken by him at the trial warrants.

Only two questions are fairly within the bounds of the case. The first is, whether the defence set up by the defendant is, in the present state of our law, permissible in a suit for rent. The second is, whether statements like those made in this case can, under any state of circumstances, have the legal effect of fraud, or be treated as other than mere expressions of opinion.

It has long been an established rule, that no warranty is implied touching the condition of. premises from the mere contract of letting. A landlord may let premises in any condition in which they happen to be, and the tenant must seek his protection through the express terms of his contract. *Wood L. & T.*, § 382, and cases cited in note; *Sutton* v. *Temple*, 12 *Mees. & W.* 52. And at the common law, fraud in the consideration of an agreement under seal, executed, could not be set up as a defence in a suit for the money agreed to be paid.

But there can be no doubt that fraudulent representation or concealment of a material fact by either of the parties to a lease, leading the other to the execution of the contract, may be made the ground for a rescission and avoidance of the lease, and the party injured by the deceit may abandon the premises and, on such fraud, successfully defend against the claim for rent.

But, is the party defrauded limited to this course as his only measure of redress? After entering into possession is

he, upon discovery of the fraud, bound to abandon the premises or waive his right to redress for the fraud? Is there anything in the relation of landlord and tenant, or in the rules of law which control that relation, to preclude a party so defrauded from his right of action for deceit?

I know of no rule that forces him to give up the premises, or that denies to him such right of action. If such be the right of the defrauded tenant, then, under familiar rules of procedure, when the wrong-doer sets up a claim to be paid according to the terms of the tainted contract, the party injured may have such claim reduced to the true measure of justice. It is said in *Brewster* v. *Brewster*, 9 *Vroom* 119: "Where fraud enters into a contract it is not always necessary to the party wronged to rescind it in order to resist its full operation. Thus, if a purchaser buying land discovers, after taking title, that he has been cheated by means of fraudulent statements with respect to the property, he is not compelled to rescind the agreement, but he can defend and claim an abatement in the suit against him for the price of the land." The principle thus declared applied here deprives this position of the plaintiff of its force.

Aside from the common law rule, which bound parties who solemnly contracted by deed to the presumption of full consideration, there would seem to be no reason why a reduction of damages for partial failure of consideration, or recoupment, should not be allowed. And since by statute (*Rev., p.* 380, § 16) a seal is no longer of its former conclusive force, a suit on a contract for rent, like ordinary parol agreements, should be subject to that course of defence. It avoids circuity of action. *Lord* v. *Brookfield,* 8 *Vroom* 552. As to the second question, mere expressions of opinion, although erroneous or false, are never ground for an action for deceit. And there is a class of affirmations which, although known to the party making them to be untrue, do not, as between vendor and purchaser, afford the basis of a claim for damages, such as assertions concerning the value of property which is the subject of sale, or in regard to its qualities and characteristics for productive-

ness or availability, they being the usual means adopted by sellers to obtain a high price, are always understood as affording to buyers no ground for omitting inquiry into the real truth. *Gordon* v. *Parmley*, 2 *Allen* 212.

Statements of mere matters of opinion or judgment, though known to be false, do not constitute fraud in the absence of relations of trust and confidence. *Wise* v. *Fuller*, 2 *Stew. Eq.* 257; *Kerr Fr.* 82.

False representations, in order to have the full effect of fraud, must relate to substantial matters of fact, and not merely to a matter which rests in opinion or estimate or judgment. 2 *Pars. Cont.* 778.

Such representations must respect some substantial fact, actually or presumably unknown to him who acts upon it. Mere trade talk, however exaggerated, cannot constitute fraud.

As a rule, it is the duty of the court to determine in which class the representations under view must fall. This is always so when such representations are their own exponents and do not call for a resort to disputed facts and circumstances to discover their true meaning and effect. It may be difficult to determine sometimes, without resort to surrounding facts, whether a statement falsely made is an expression of opinion or the assertion of a fact. When the question has this mixed character, like other questions of mixed law and fact, it comes to be a matter for the jury, under proper instructions from the court. A man about to sell a tract of land to one not acquainted with it, and who relies upon the vendor's statements, may be told that the land is *well* wooded, *well* timbered, and if there be some timber upon the land, although not so much as the vendee expected or hoped for, still such a statement might have its place with mere expressions of opinion. If, on the other hand, the tract, when examined, was found to be a marsh or entirely covered with water, without wood or timber, no one would hesitate to say that in that case the assertion was a false statement of fact and fraudulent. In the case supposed, the facts being uncontroverted or clearly established, the court might easily declare for itself the true

character of the statements.    But it is obvious that there may be a class of cases in which the facts and circumstances which properly give character to the representations are in controversy, and the question, whether fraudulent or not, to be resolved upon the truth of those facts as found.    In such cases the question must go to the jury, under the guidance of the court.

The representations in question in this case seem to me to fall within the range of this latter class, requiring for its true interpretation the settlement of disputed fact.    If the tenant, without knowledge of the condition of the land, and relying on the representations of the landlord, in accepting the lease, had found, on entering under his lease, that it was permanently covered with water, the fact being undenied, the case would be clear for the court, and no one could doubt that the false representation was concerning a material fact.    Now, this land was not flooded with water, and the defendant had seen it, but on the trial of the cause he gave evidence of experts, tending to show that it was wet to a degree that rendered it practically useless for farming, nearly as much so as if it had been flooded, and that this defect was latent and discoverable only by its attempted use.

It was necessary that the jury pass upon this evidence and determine the extent of the alleged defect in the land.    If they found it to be so excessively wet, and to the plaintiff's knowledge, as to be useless to the tenant, and that the manner in which the contrary was stated by the plaintiff was designed to mislead and cheat, they might properly have been instructed by the court, upon their so determining, to regard the plaintiff's statements as false representations concerning a material fact.

We must presume that the submission of the whole evidence to the jury was under correct direction, as no objection to that appears to have been made.

We think the causes assigned for error in this judgment fail to support the plaintiff, and the judgment should be affirmed, with costs.