PERRY SISSON, Appellant, v. JACOB KAPER, *et al.*

105 599
113 149
105 599
120 634

**Fraud:** PAROL VARIANCE OF WRITING. In an action for rent and for damages, under a written lease, where it was averred, by way of counter-claim, that lessee was induced to accept the lease in question by false representations of plaintiff respecting the water supply, and was damaged by reason thereof, evidence competent as establishing such fraudulent representations was not objectionable on the ground that a reformation of the lease was not asked,

and that such evidence tended to contradict a contemporaneous written agreement.

**Contract:** CONSIDERATION. A lessee's abandonment of his right to rescind the lease because of fraudulent representations of the lessor respecting the water supply is a sufficient consideration for an agreement by the latter, after the execution of the lease, to furnish a supply of water.

**Appeal:** ASSIGNMENTS An assignment that the court erred in not sustaining and in overruling plaintiff's motion for a new trial for the several grounds therein set forth is not sufficiently specific to enable the supreme court to consider the only ground on which the motion should have been sustained, where there were at least eight separate grounds set out in the motion.

ARGUMENT OF ASSIGNMENTS. Assignments of error to the giving of instructions, if relied upon in the supreme court, must be argued

OBJECTIONS BELOW. Advantage cannot be taken on appeal, of an objection that the evidence was insufficient to sustain an allowance for damages, to which the attention of the trial court has not been called.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

FRIDAY, MAY 20, 1898.

ACTION at law to recover rent alleged to be due for leased premises, and for damages. The defendants pleaded a counterclaim. There was a trial by jury, and a verdict and judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*Giffen & Voris* for appellant.

*Richard A. Stuart* for appellees.

ROBINSON, J.—In October, 1891, the plaintiff and the defendant Jacob Kaper entered into an agreement in writing, by which the former leased to the latter, for the term of three years from and after the first day of March, 1892, a certain farm, at an annual rent of three hundred and eighty-seven dollars and fifty cents. The

defendant Kula signed the lease as surety for Kaper. The plaintiff seeks to recover fourteen dollars for rent due, and two hundred and twenty-one dollars for damages alleged to have been caused to buildings, trees, and fences, for subletting the premises, and for failing to perform certain labor as required by the lease. The defendants admit that fourteen dollars of the last year's rent have not been paid according to the terms of the lease, and deny the alleged breaches of contract and responsibility for the alleged damages. They aver, by way of counterclaim, that the plaintiff, for the purpose of inducing Kaper to accept a lease of the farm, falsely stated to him that there was an abundant supply of water on it, sufficient for all house uses and for stock purposes; that the statement was false, and known to the plaintiff, when he made it, to be false, but that Kaper believed it to be true, and relied upon it in taking a lease of the premises; that the supply of water proved to be wholly inadequate, and, in consequence, some of the stock of Kaper died, and milk cows were injured, and their capacity to give milk impaired, all to the damage of Kaper in the sum of one thousand dollars, and for that sum he demands judgment against the plaintiff. The verdict and judgment were for the sum of one hundred dollars, exclusive of costs.

I. The appellant complains of the rulings of the court which permitted the defendants to introduce evidence in support of their claim that the plaintiff had made false representations respecting the supply of water on the farm, on the ground that a reformation of the lease is not asked, and that the evidence in question tended to contradict a contemporaneous written agreement. The rule which the appellant thus seeks to invoke does not apply for the reason that the counterclaim is not based upon the written lease, but upon alleged fraud, which caused

Kaper to accept it; and the evidence objected to was competent, as tending to establish the fraudulent representations pleaded. *Humbert v. Larson*, 99 Iowa, 275; 1 Greenleaf Evidence, section 284; Bradner Evidence, 143, 208.

II. The defendants pleaded and submitted evidence which tended to show that, upon complaint being made to the plaintiff of the lack of water and of the need for it, he agreed to furnish water, and made some attempts to do so. The plaintiff objected to the evidence, and now complains of it, on the ground that the agreement was made after the lease was entered into, and therefore was without consideration. It is sufficient to say, in answer to this objection, that if Kaper was induced to sign the lease, and take possession of the farm thereunder, through fraud on the part of the plaintiff, he had the right to rescind the contract of lease within a reasonable time after discovering the fraud, and to abandon the farm; and there was evidence which tended to show that it was to prevent his doing so that the plaintiff made the subsequent verbal agreement to furnish water, and the waiver by the lessee of his right to rescind and his continued occupation of the premises under the lease would have furnished sufficient consideration for the verbal agreement in question.

III. There was testimony in behalf of the plaintiff which, if true, would have entitled him to recover damages to a considerable amount in addition to the fourteen dollars of the rent provided for by the lease which had not been paid. The evidence on the part of the defendants showed that the supply of water on the leased premises was insufficient; that Kaper was compelled to haul water for his stock; and that several calves which he owned died. Whether the proper

measure of damages in a case like this would have permitted the value of the calves to be considered in ascertaining the amount Kaper was entitled to recover is not a question presented for our consideration, but the value of the calves is not shown, nor does it appear that they died for lack of water; nor is the value of the services rendered in hauling water shown; nor is there any evidence from which the jury could have ascertained the damages, if any, which Kaper sustained by reason of the alleged breaches of contract. The appellant contends that the district court erred in permitting the jury to allow Kaper anything on his counterclaim. Had proper objection been made, the court should not have submitted to the jury any question respecting the damages claimed by Kaper. The appellant does not call our attention to any portion of the charge on this branch of the case which he claims to be erroneous, but objects to what was done by the district court on the ground that the evidence did not authorize the submission of the case to the jury. In the third paragraph of its charge the court instructed the jury, in substance, that, in making up its verdict, it should allow to each party the amount, if anything, to which he was entitled; and, if the amounts were equal, the verdict should be for the defendants, but, if they were not equal, the verdict should be for the one entitled to the larger amount for what it exceeded the amount due the other party. In the fourth paragraph of the charge the jury was told that if the plaintiff represented to the defendant that there was plenty of water on the premises for the use of stock and the house, and if there was not a sufficient supply for the purposes stated, the measure of plaintiff's damages, if any, would be the reasonable amount, if any, that the defendant was compelled to pay to procure water for the same, or the reasonable amount the defendant was entitled to

for procuring water for the purposes stated, as shown by a fair preponderance of the evidence, and that, if no damage had been shown, the jury was "not to find for defendant thereon." No special complaint is made of that portion of the charge. It is not claimed that it did not give a correct rule had the amount of the injury the defendant had sustained been shown. In fact, neither of the two paragraphs of the charge which we have considered is referred to by the appellant in argument. It is true, formal exceptions were taken to them when they were given, and it was alleged in the motion for a new trial that "the court erred in giving its instructions to the jury from 1 to 4, inclusive. ° To the giving of same, and to each of same, the plaintiff at the time duly excepted." Error in giving them is also alleged in the assignment of errors, but that is not sufficient. 4 If error in giving them is relied upon it should have been argued. The argument of the appellant on this branch of the case is to the effect that the evidence was not sufficient to sustain an allowance for damages in favor of the defendants. Moreover, the exceptions taken to the charge did not necessarily call the attention of the district court to the objection relied upon here. In *Kirk v. Litterst*, 71 Iowa, 71, the appellant assigned as error that the trial court submitted the cause to the jury on insufficient testimony; but this court held that the appellant could not take advantage of the alleged error, because he did not except to the submission of the cause on the ground stated, and that, if the plaintiff had failed to show that he was entittled to recover, the defendant should have moved the court to direct a verdict in his favor, or should have asked an instruction to that effect. We are of the opinion that in this case the very objection now urged should have been called to the attention of the trial court, to enable the plaintiff to take advantage of it here.

Another method of taking advantage of the insufficiency of the evidence to sustain the verdict was by a motion for a new trial. Such a motion was, indeed, filed, and the ground stated in three paragraphs thereof was the insufficiency of the evidence. But the correctness of the ruling which denied the motion on that ground is not presented by the assignments of error. The only assignment which can be said to include the ground in question is stated as follows: "The court erred in not sustaining and in overruling the plaintiff's motion for a new trial for the several grounds therein set forth." Since there were at least eight separate grounds set out in the motion, the assignment was not sufficiently specific, under the well-recognized rules of practice, to enable us to consider the only ground on which the motion should have been sustained. See *Leekins v. Nordyke & Marmon Co.*, 66 Iowa, 471; *Duncombe v. Powers*, 75 Iowa, 185. We reach the conclusion that sufficient ground for disturbing the judgment of the district court has not been shown, and it is AFFIRMED.