FRITZ FRANKE, Appellee, v. T. L. KELSHEIMER, Appellant.

**FRAUD: Fraudulent Representations—Opinion (?) or Fact (?)**
1  The following are fact representations:
  1. That certain land was a good farm, and as good as the average in that locality.
  2. That the land was level, not rough nor hilly, and lay well.
  3. That the land was tillable and in a good state of cultivation.
  4. That the land was capable of producing a certain number of bushels of grain per acre, and would, in its production, equal the average of farms in that locality.
  5. That a certain number of acres had been fall plowed.
  6. That the land was free from noxious weeds.

**LANDLORD AND TENANT: Leases—Fraudulently Induced Leases**
2  **—Measure of Damages—Pleadings.** The difference between the value of what a tenant did raise on the leased premises and what he would have raised had the premises been in the condition represented by the landlord, is *not* the measure of damages for fraudulent representations as to the condition of the premises; therefore, allegations relating thereto are properly stricken.

**EVIDENCE: Parol as Affecting Writing—Fraud-Induced Con-**
3  **tract.** Allegations of the fraudulent representations which induced a written contract are provable even though they contradict said writing.

FRAUD: Deception Constituting Fraud—Duty to Investigate—Inadequate Opportunity—Preventing Examination. One may not avoid the effect of fraudulent representations by the plea that his victim did not exercise an *inadequate* opportunity to examine the subject matter of the contract, before executing the contract, especially when the wrongdoer discouraged the making of an examination. So held where lands were deeply covered with snow.

WITNESSES: Competency—Belated Objection. One may not ambush his opponent by withholding his objection to the competency of a witness until the making of a motion for a directed verdict.

LANDLORD AND TENANT: Leases—Fraudulently Induced Leases—Measure of Damages. The measure of damages for fraudulently inducing a lease of lands by false representations as to its condition is the difference between the rent reserved and the value of the use of the premises had the lands been in the condition represented.

APPEAL AND ERROR: Jurisdiction—Notice of Appeal—Recitals in Abstract—Presumption. A general statement in the abstract that appellant perfected an appeal by due service and filing of notice thereof, *without any statement as to what was specifically appealed from*, creates the presumption, under Section 4139, Code Supplement, 1913, that said notice is comprehensive enough to confer jurisdiction on the appellate court to review every appealable matter appearing in the abstract, unless appellee, ten days prior to submission, by specific printed objections, shows to the contrary. So held on the question whether a refusal to discharge certain property from an attachment was appealed from.

ATTACHMENT: Dissolution—Motion— Sufficiency of Showing. A clear, satisfactory and undisputed showing, by motion, that attached property is exempt from .levy, should be sustained. Section 3929, Code, 1897.

*Appeal from Ida District Court.*—F. M. POWERS, Judge.

TUESDAY, JUNE 19, 1917.

SUIT to recover on balance due for rent. Landlord's attachment issued. There was a counterclaim, based on a claim that lessor induced defendant to contract by means of

fraudulent representations concerning the character of the farm and land. The court dismissed the counterclaim, and directed verdict for plaintiff. Defendant appeals.— *Reversed and remanded.*

*C. R. Metcalfe,* for appellant.

*Johnston Bros.,* for appellee.

SALINGER, J.—I. There was error in striking out allegations that fraudulent representations were made, to the effect that the land leased was free from noxious weeds. That is cured because substituted pleading upon which the case was tried has such allegations.

II. A number of other representations alleged were stricken out. It was done on motion, in substance, that they were not actionable, were mere statements of opinion, and laid foundation for damages that were too remote and speculative. The motions should have been overruled. But as to some of these allegations, evidence tending to sustain them was permitted on the trial without objection. For that reason, we will not consider their striking. This leaves for consideration whether it was error to strike out the following allegations: It was represented that the land was a good farm, and as good as the average one in the vicinity in which it was located, when in truth it was old, run down, its soil was nearly exhausted, and the whole farm had only about 27 acres of fairly good land; that it was level and "laid well;" that it was neither rough nor hilly, when in truth 80 acres of it was so rough and hilly that it could scarcely be farmed; that it was tillable, was in a good state of cultivation; that it was falsely represented the farm was capable of producing and would produce 50 to 60 bushels of corn per acre without extra care or attention; that it would raise as much of a crop of oats, wheat and other crops as was ordinarily raised in the vicinity;

1. FRAUD: fraudulent representations: opinion (?) or fact (?).

that there were 80 acres of fall plowing done in workmanlike manner, when all the plowing was much less than that, and all of it poor, owing to the presence of weeds when the plowing was done. It has been held that a false representation that a stated portion of the land is tillable, may be actionable. *Brett v. Van Auken,* 99 Iowa 553. So of one that land is free from weeds and properly drained. *Hetland v. Bilstad,* 140 Iowa 411, 419. Or one that a farm is not wet. *Dennison v. Grove,* (N. J.) 19 Atl. 186. So of one that a furnace will heat a house leased. *Pryor v. Foster,* (N. Y.) 29 N. E. 123. False and material representations as to the quality of land may be actionable. *Mitchell v. Moore,* 24 Iowa 394. The seller has the right to exalt the value or quality of his own property to the highest point credulity will bear, provided his efforts stop at puffing or praise; but statements of value or of quality may be made with the purpose of having them accepted as of fact, and, if this is done and so relied on, they are to be treated as representations of fact. *Hetland v. Bilstad,* 140 Iowa 411, 415. It was error to strike these allegations.

### 2-a

2. LANDLORD AND TENANT: leases: fraudulently induced leases: measure of damages: pleadings.

Allegations were stricken that defendant planted 120 acres of corn which produced but 1,700 bushels, most of it a very poor quality and light and chaffy; that 50 acres put in wheat produced 400 bushels, 65 acres of oats, about 550 bushels, and 35 acres of meadow, about 35 tons of hay. Also, allegations that, if the land had been as represented, the same lands would have produced 6,000 bushels of corn, 800 to 1,000 bushels of wheat, and 2,600 bushels of oats; that this deficiency in crops was due to the poor quality of the farm, and defendant thereby damaged in a sum stated. We think the striking was justified. See *Dilly v. Paynsville Land Co.,* 173 Iowa 536.

2-b

A motion to strike certain allegations
3. EVIDENCE: parol was sustained, on the grounds that they
as affecting
writing: fraud- were sham, irrelevant and immaterial, and
induced con-
tract.          state no cause of action because they would
tend to vary, alter and modify the terms of
the written lease. The objections were not good. The al-
legations stricken were of fraudulent representations that
induced the making of a lease. Such may be proved in
parol, even though they contradict the written lease. The
rule excluding evidence contradictory of a written instru-
ment does not apply when fraud is the gravamen of the ac-
tion or gist of the defense. *Humbert v. Larson,* 99 Iowa
275; 6 Encyc. of Ev. 24, 25.

III. The cause was tried on a complaint that the les-
sor fraudulently represented that the land was free from
noxious weeds. The jury could find that there was a rep-
resentation that the land was free from such weeds, except
some cockleburs on a small part thereof, and find that it
was known to be false when made. Under the evidence, it
could not find otherwise than that it was in fact false, and
that practically all of the farm was full of noxious weeds
to an extraordinary extent. The representation is nei-
ther "trade talk," mere puffing nor a mere expression of
opinion, but, if false, an actionable representation. In so
far as sustaining the motion to direct verdict rules other-
wise, its sustaining was error.

IV. Another ground of the motion that
4. FRAUD: decep- was sustained asserts that defendant has
tion constitut-
ing fraud: duty failed to prove that plaintiff made any false
to investigate:
inadequate op- or fraudulent representations upon which
portunity: pre-
venting exam- defendant had any right to rely, because
ination.          no attempt was made by plaintiff to defraud
or prevent defendant from making his own independent in-
vestigation of the premises, and the affirmative and undis-

puted evidence shows that, if he had made investigation, either physical or by inquiries in the neighborhood, he could readily and easily have ascertained the true condition of the farm, and so the damages, if any, have arisen by his own negligence. It should not have been sustained.

The jury could find that lessee lived 20 miles from the farm, and was 14 miles from it when the lease was made. Under the evidence, it would be compelled to find that, at the time and for a month after lessee moved on the farm, it was covered with snow to a depth of 2 to 5 feet, and that, when the lease was made, lessor said there was no use for lessee to go and see the farm, because there was all the way from 2 to 5 feet of snow on it, and lessee couldn't see the farm if he went there. It is demonstrated, moreover, that this was the fact until after the lessee had been on the farm for some time. And the motion errs in stating that there is evidence that lessor asked lessee, prior to renting, to go and look it over. Lessee testifies that the representations induced him to enter into contract and to move upon the farm.

If the vendor dissuades the vendee from examining the property on the assurance that it will be a useless expense to do so, and such representations are relied on by the vendee, the representations of the vendor as to value may constitute such fraud as to subject him to liability in damages. *Mattauch v. Walsh*, 136 Iowa 225. And when he makes representations as to the character of the land which he offers to sell, and insists on the consummation of the contract within such time as not to allow defendant an opportunity to inspect the land, he is bound to know that defendant relies on his representations, and it is immaterial whether the representations were knowingly false, if they were false in fact. *Brett v. Van Auken*, 99 Iowa 553.

We think the court confused this with a case wherein

one examines a farm and finds it is not as represented, and yet goes upon and farms it without objection, and sues for damages caused by deceit. Then, he may not recover, because the deceit did him no injury. He suffers because he voluntarily chose to suffer by acting after he was no longer deceived. That is not this case. Plaintiff falsely represented the farm to defendant; told him he could not make efficient investigation. Defendant believed him, and could not, with any effort within reason, ascertain the truth until after he had changed his position. In such a case, he could rescind, but was not compelled to. At his election, he could sue for damages and recover the difference between the actual and the represented value of the farm in rental. *Humbert v. Larson*, 99 Iowa 275, at 281. He may make the claim by counterclaim when sued for rent. *Sisson v. Kaper*, 105 Iowa 599; *Herrin v. Libbey*, 36 Me. 350; *Dennison v. Grove*, (N. J.) 19 Atl. 186; *Barr v. Kimball*, (Neb.) 62 N. W. 196; *Peck v. Brewer*, 48 Ill. 54. This, though he has paid the rent in part. *Pryor v. Foster*, (N. Y.) 29 N. E. 123; *Reger v. Henry*, (Okla.) 150 Pac. 722. One who buys is not estopped to recover damages caused by showing the wrong tract of land, upon the theory of failure to exercise ordinary diligence, if the truth could have been learned only by employing a competent surveyor. *McGibbons v. Wilder*, 78 Iowa 531. In *Hale v. Philbrick*, 42 Iowa 81, *Carmichael v. Vandebur*, 50 Iowa 651, and *State v. McConkey*, 49 Iowa 499, we say that one may rely upon representations as to the ownership of property, its location and the like, though it is not shown that he instituted inquiry by consulting records or plats. In *Ladner v. Balsley*, 103 Iowa 674, the question of ordinary care was held to be for the jury, when the tenant testified that, before the leasing of a farm, he and the landlord's agent went to examine the farm, but that they found it too muddy to go over it, and so he relied on the agent's statements as to the number of

acres under cultivation. In *Dennison v. Grove,* (N. J.) 19 Atl. 186, an action for rent and defense of false representations inducing the lease, whether the representations of the lessor were fraudulent was held to be for the jury, where the representation was that the farm was not wet, whereas, though the surface appeared to be dry, it was wet and miry at the depth of a few inches and unfit for farming, though it appears that, before accepting the lease, the lessee personally examined the premises. While, in *Bell v. Byerson,* 11 Iowa 233, and *McGibbons v. Wilder,* 78 Iowa 531, we approve the rule stated in 5 Am. & Eng. Ency. of Law (1st Ed.), 340, that "It is the duty of every person in transacting business to use ordinary care and prudence. If false representations are made regarding matters of fact, and the means of knowledge is equally open to both parties, and then one party, instead of informing himself, sees fit to put himself in the hands of the other, whose interest it is to mislead him, the law will give him no remedy for his injury,"—we say, in the *McGibbons* case, that yet "A man to whom a particular and distinct representation has been made is entitled to rely on the representation, and need not make any further inquiry, although there are circumstances in the case from which an inference inconsistent with the representation might be drawn,"—and Kerr, Fraud & Mistake, 80, is cited in support. It was error to sustain this part of the motion to direct.

V.    The contract was that $4.50 an acre rent was to be paid for 205 acres, and half the crop for the rent of 115 acres. The sustained motion to direct verdict against defendant asserted: (1) That the damages attempted to be proved are not actionable because they are remote, indefinite and uncertain; (2) defendant "has not shown any standard" by which court or jury can measure or determine his alleged damages; (3) he has failed to prove any dam-

5. WITNESSES: competency: belated objection.

ages; and (4) the record shows affirmatively, and without conflict, that the land, as it was, was worth as much as the rental agreed to be paid.

We are at a loss to understand how the motion could have been sustained on these grounds. So far· from appearing without conflict that the farm in its actual condition was worth all that is paid for rent, it appears without dispute that it was not worth so much. One witness on the point, Reyman, at first said he did not know what the reasonable rental value of this farm was, and that he couldn't give an estimate of it; but was allowed then to add, without objection, that, if it had not had any Russian thistles, sunflowers or cockleburs on the north 40, it would probably have been worth $4.50 an acre rent. He said later that he *is* acquainted with the reasonable rental value of farms to a certain extent. The defendant testified, without any objection, that the reasonable rental value of the farm in the condition it was actually in, was about $1 an acre, and that, if it had been as represented, its value would have been $5 or $6 an acre. When the witness finished his testimony, there was no motion to strike. Thereafter, three witnesses testified for defendant, and he rested, and still no objection was made to the testimony on comparative value given by defendant as a witness. It was only as part of the motion to direct verdict that it was moved to strike his testimony, with claim that his cross-examination disclosed that he had no knowledge or information such as entitled him to express an opinion; that he knew nothing of rental value of lands in the neighborhood, knows of no similar farms rented in the neighborhood for that or previous years; and that, in giving this value, he was giving his own individual opinion. The objection came too late, even if the record sustained what it asserts, and it does not. The only shadow of ground for making the claim is that defend-

6. LANDLORD AND TENANT : leases : fraudulently induced leases : measure of damages.

ant testified that he had great difficulty in giving an opinion as to what the rental value of the farm was as based on farms in the neighborhood generally, because he knew of no other farm that was so thickly covered with Russian thistles, cockleburs and sunflowers. Of course, this difference in rental value was a proper measure of damages. *Adair v. Bogle,* 20 Iowa 238.

7. APPEAL AND ERROR: jurisdiction: notice of appeal: recitals in abstract: presumption.

VI. Before the trial was begun, but after the petition was filed, defendant filed a motion, supported by affidavit, asking that property claimed to be exempt be discharged from the landlord's attachment that had been levied. The motion was overruled, and the ruling duly excepted to. To sustain the ruling, the appellee urges: First, that the notice of appeal does not give us jurisdiction to review this order; second, that the motion and affidavit were not sufficient proof to warrant sustaining the motion.

The notice of appeal set out in the abstract does not state what was appealed from, but does say that "plaintiff perfected an appeal to the Supreme Court of the state of Iowa," by duly serving the counsel who appeared for the plaintiff, and the clerk of the district court of the county in which the motion and the suit for rent and counterclaim thereto were at one time pending and determined. Few of our decisions, if any, give much light on whether such a state of the record brings up a collateral matter, and, in a sense, independent matter, disposed of in or in connection with a suit which goes to final judgment. And whether this record does that is the exact question. Where the notice is specific enough to limit the appeal to being "from the judgment," it is presumed that nothing but the final judgment and intermediate rulings and orders in the suit which culminates in such judgment are brought up. *Searles v. Lux,* 86 Iowa 61, at 62; *Geyer v. Douglass,* 85 Iowa 93,

at 96.   On that reasoning, we held, in *Lesure Lbr. Co. v. Mutual Fire Ins. Co.*, 101 Iowa 514, at 516, that an interlocutory judgment on a plea of abatement, which did not affect the defense as far as same went to the merits, was not brought up by a notice of appeal "from the judgment in the above-entitled case," which notice was served more than six months after the interlocutory judgment was rendered. In a way, we grounded the dismissal in *Weiser v. Day Bros.*, 77 Iowa 25, at 26, upon the indefiniteness of the notice.   There, the appeal was taken from "the decision" at a certain term, and we held that this could not be held to be an appeal from the final judgment, because the language of the notice does not so declare, nor bear an interpretation to that effect, and because, since, while there may be but one final judgment, there may be many decisions, it may not be said that all decisions have been appealed from. Wherefore, the notice should have indicated what decision was appealed from.   This, too, is of little value here. *Augustine v. McDowell*, 120 Iowa 401, at 405, and *Dolan v. Midland B. F. Co.*, 126 Iowa 254, at 260, are more helpful, and yet scarcely decisive.   In the first, the notice advised "that intervener in the above cause has appealed to the Supreme Court of the state of Iowa."   We found that there were practically two judgments, one for possession of corn, and the other a dismissal of the petition of intervention, and held that this notice was specific enough to bring up both actions of the trial court.   In the last, the abstract recited:

"Appellant gave notice of appeal to the Supreme Court to defendants and to the clerk of the district court of Lee County, Iowa, at Keokuk, in which court the case was heard, and secured the clerk his fees."

We held that, in the absence of setting out the notice in full, or an amendment asserting that no appeal was taken from any order or judgment of the court, we would sus-

tain the appeal against the objection, among others, that it could not be determined from what order or judgment an appeal had been taken. And we have held that the notice need not be set out in full. But what we have cannot be decided without a consideration of Section 4139, Code Supplement, 1913. That provides that a jurisdictional defect must be raised by specific, written objections. Here, none such were filed. Under the construction given this statute in *Sawyer v. Iowa Cons. Pro. Amend. Association,* 177 Iowa 218, in the absence of such objections as the statute requires, it is no longer material that the abstract show affirmatively that we have a specified controversy for review. The mere paucity of the recitals in the abstract are no longer of consequence. A notice of appeal having been duly served, we indulge the presumption, in the absence of such objections, that the record presents nothing but that which we have power to review. It is for the appellee to show affirmatively, and by amendment, that we may not review all or part of what the abstract presents. Some language is used in *Yockey v. Woodbury County,* 130 Iowa 412, that gives some color to this claim on part of appellee. But what this case decides is that, where the main judgment in an action is distinct from a judgment for costs, then, if the notice of appeal is from the main decree simply, this excludes a consideration of the judgment for costs. The appeal was "from the judgment of said district court entered on the 10th day of April, 1905, in favor of said plaintiff appellant, sustaining his objection to the assessment of a certain tax against his land." It is merely a case where that which is distinctly enumerated is held to exclude that which is not enumerated. We are of opinion that we must entertain the complaint lodged against the overruling of the motion.

6-a

But it is urged that, though we do this,
the ruling below is justified on the merits.
The statute that governs is:

"A motion may be made to discharge
the attachment or any part thereof, at any time before
trial, for insufficiency of statement of cause thereof, or for
other cause making it apparent of record that the attach-
ment should not have been issued, or should not have been levied
on all or on some part of the property held." Section 3929,
Code, 1897.

The case of *McLaren v. Hall*, 26 Iowa 297, at 300, is
the foundation case in dealing with this statute provision,
and it merely holds that the testimony should be clear and
entirely satisfactory; otherwise, the party should be left
to the ordinary means of proper action for testing the lia-
bility of the property levied upon to be seized under the
writ. *Cox v. Allen*, 91 Iowa 462, and *Union County Inv.
Co. v. Messix*, 152 Iowa 412, hold just that. None of these
attempt to say what is a sufficient making apparent of rec-
ord, nor what is necessary to make evidence so clear and
satisfactory as that the movent should not be remitted to
the ordinary form of action. The appellant proceeded by
filing motion supported by affidavit. We think he made
both his complaint and his proof "apparent of record." And
we perceive no good reason why the affidavit in this case,
contradicted by nothing, and clearly setting out what prop-
erty was claimed to be exempt, and the facts which in law
constitute its exemption, was not clear and satisfactory
proof. It is, therefore, our judgment that it was error to
overrule the motion.

The judgment and the order on the motion to discharge
must be reversed.—*Reversed and remanded.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.

*Marginal note:* 8. ATTACHMENT: dissolution: motion: sufficiency of showing.