## MOORE v. BARE.

1. INTEREST OF COPARTNERS. Copartners are presumed to have equal interests in the business and property of the firm.
2. BURDEN OF PROOF. When a vendee assumes to rescind a contract for the purchase of real estate, upon the ground that the grantor's interest as a partner in the property purchased is not equal to that of his co-partner, and that it is liable to be subjected to the debts of the firm, the burden of showing these facts devolves upon the party seeking to rescind.
3. RECORDING ASSIGNMENT OF PATENT. The failure to record an assignment of a patent, as required by section 11 of the act of Congress of 1836, does not render the assignment void. The requirement of the law is directory, merely, and intended for the protection of *bona fide* purchasers.
4. RESCISION OF CONTRACT. A contract can only be rescinded when the parties can be placed in their original position with respect to it. Where one party has received a benefit from a partial performance *of the contract* his remedy for a failure to perform as to the remainder is by an action for damages.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 16.

IN the Spring of the year 1857 the defendant sold to

plaintiff an interest in a patent right, styled "L. Brown's Mammoth Self-feeding Lath Machine;" receiving in payment therefor six hundred dollars in cash, and the notes of plaintiff for the balance of the purchase money. Upon the 23d day of October of the same year the parties agreed to change the original contract and a new one was entered into by which the defendant in consideration of certain covenants to be performed by the plaintiff agreed upon his part to convey to said plaintiff on or before the 10th day of the following November by deed of general warranty, a good and perfect title to the undivided half of Lot 1 in Block 1 in South Fort Des Moines, and also the undivided half of the said patent right for certain counties therein named.

Upon the day named in the contract the plaintiff was ready and willing to perform upon his part. The defendant tendered to plaintiff deeds duly signed and acknowledged for the lot and the patent right, both of which were refused for the reason as alleged by plaintiff, that the defendant had no title to said property and no right to convey the same. The plaintiff thereupon declared the contract rescinded and brought this action to recover back the six hundred dollars paid to defendant for said patent right.

A trial by jury was waived and the cause submitted to the court, and it was considered that the defendant upon the day the contract was to be performed had no such title either in the lot or the patent right as would enable him to tender to plaintiff such a deed as he had obligated himself to make, and that plaintiff had a right to declare the contract forfeited and recover back the money advanced to defendant, and rendered judgment accordingly.

*Stephen Sibley* for the appellant.

I. The statute requiring the recording of an assignment of a patent is directory only; and the recording is not essential to the validity of the assignment. It is intended only for the protection of purchasers. *Boyd* v. *McAlpine* 3 Mc-

Lean 427; *Peck* v. *Bacon* 14 Conn. 377; *Case* v. *Redfield* 4 McLean 526; *McKerman* v. *White* 6 Ind. 428; *Pitt* v. *Whitman* 2 Story; Curtis on Pat. 315 note 1, and section 190, note.

II. Generally contracts can be rescinded only by the consent of all the parties; 2 Par. Cont 192. Possession of property under an executory contract bars the party from rescinding. *Breed* v. *Blanford* 2 Y. & Jer. 278; Hunt v. Silk 5 East 449; 2 Par. Cont. 192 note. If a party can perform a part of his contract the other cannot rescind but is left to his action for damages *Franklin* v. *Miller* 4 Ad. & Ed. 599; 2 Par. Cont. 43 note.

III. In the absence of proof the presumption of law is, that copartners have equal interests in the copartnership property. Story Part. sec. 261 and 26 and notes; Collyer Part. sec. 167, note 3 and sec. 168; *Faner* v. *Beswick* 1 M. & Rob. 527; *Gould* v. *Gould* 6 Wend. 263; *Cornville* v. *Landidge* 5 Dana 211; Lee v. Lashbrook 8 Ib. 214; *Jones* v. *Jones* 1 Ird. Eq. 332; *House* v. *Colmesnill* 1 J. J. Marsh 506.

*Jeff. S. Polk* for the appellee.

I. What is it necessary for the defendant to prove in order to show title to a patent right in himself? He must show an unbroken chain of title to the patentee, which can be done by,

1. Producing the original deeds of assignment and proving their execution; or secondary evidence of their contents after accounting for their absence; 2 Greenl. Ev. 557.

2. Showing that all deeds of title through which he claims have been duly recorded in the United States Patent Office; Curtis Pat. sections 190, 191, 260, 317, *Higgins* v. *Strong* 4 Blackf. 182; 7 Ib. 136; *Bliss & Co.* v. *Negus* 8 Mass. 46, 49 and the cases there cited 4, Mason 15; 2 Greenl. Ev. sec. 491; Curtis Copy Rights 216, 235.

II. The lot in controversy is shown to be the property of

a co-partnership, and there is no proof showing the interest of the co-partner, that the co-partnership business has been settled, or that there are no co-partnership debts which are liens upon the property. Coll. Part. section 135; Story Part. sections 92, 93. A title depending on a question of fact should not be forced upon a vendee. 1 Sug. Ven. 609, 613.

III. The court did not err in holding that the contract was rescinded. *Benedict* v. *Waterman*, Mer. 491; Chit. Cont. 731; Story's Eq. Jur. section 776 and note on 1060; 4 Pet. 313; Dart's Ven. & Pur. 209; 2 Par. Cont. 179, note and 197; *Trask* v. *Venson*, 20 Pick. 455; *McArthur* v. *Padd*, 5 Ohio 554; 10 East 359; *Fitch* v. *Casey*, 2 G. Greene 307; 1 Sug. 602, 609.

BALDWIN, J.—The numerous errors assigned are necessarily determined by the conclusion of the court upon two questions presented. Had the defendant, upon the day the contract was to be performed, such a title in the lot and patent right as would enable him to convey by the deeds tendered, as he had agreed to? If not, was the plaintiff in such a position that he could declare the contract forfeited, and recover the money advanced?

We will inquire first as to the condition of title in the lot agreed to be conveyed. It is conceded that the title thereto was fully in one C. C. Van. That Van and wife conveyed their interest to a firm of the style of McGaughey, Mumma & Co., of which the defendant, Bare, was a member. That McGaughey conveyed his interest in said lot to Mumma and Bare, the other members of said firm. Bare claims that the title to the undivided one-half of said lot by this claim was fully in him, and that he had power to convey, as he had agreed to do.

We understand the objection of plaintiff to this title to be, that the interest that Bare had in the partnership was in no manner established. That neither he nor McGaughey may have been equal partners, and, if not, the defendant had no

title to the full undivided one-half of said lot. It is farther claimed that the partnership property of said firm was primarily liable for the firm debts, and that this lot in this way was subject to incumbrances. We do not regard these objections as well founded. Where there are two or more persons acting as partners, the presumption is that they are equal in interest in the business engaged in and the property owned by them in their firm name. As the plaintiff assumed to rescind the contract and relied upon this objection to defendant's title, it was incumbent upon him to show that the said firm were not equally interested in the property owned, and also to show that it was liable to be subjected in some manner to the liabilities of said firm. In the absence of such showing, we are of the opinion that the defendant had such a title to the lot as he had obligated himself to convey, and that the deed tendered fulfilled this part of defendant's contract.

The question next to be considered relates to the title of defendant in the patent right sold to plaintiff. The defendant claims title to said patent, for the counties named in the contract, through one James H. Dungan, assignee of John L. Brown and Charles Leonard, the original patentees. The deed to Duncan was duly recorded at the Patent Office in the year 1856; but the assignment to defendant, though properly executed and acknowledged, was not recorded until in December, 1857, some time after plaintiff had declared the contract rescinded. This is the objection made by plaintiff to the validity of defendant's title.

By the 11th section of the act of Congress of 1836, every patent is made assignable in law either as to the whole interest or an undivided part thereof by any instrument in writing, which assignment is required by said act to be recorded within three months after the execution thereof. There is nothing in this act which declares that the assignment, if not recorded, shall be void, but it appears to be directory and for the benefit or protection of *bona fide* purchasers, for a valuable consideration, without notice of a prior assignment.

As between the parties, the assignment is valid although not recorded. It appears that the assignment by Dungan to defendant was made more than three months prior to the contract between these parties. The defendant,.for the purpose of having an assignment made and recorded within three months after it was executed, sent the original deed to Dungan for the purpose above stated, but it was never returned. A new deed however was executed by Dungan but was not recorded in time, or at least not until after the date of the tender to plaintiff, but within three months after the execution thereof.

It also appears that the plaintiff was advised of this defect in defendant's title prior to his purchase, or at least prior to the agreement made in October. That at the time of the first contract plaintiff received, with the said assignment, a lath machine made under said patent, and used the same and manufactured lath thereon. That at the time the contract was declared rescinded by plaintiff he had not returned, nor had he offered to return, the machine received by him at the time of the assignment. Nor is it claimed by the plaintiff that Duncan had sold to any other person the right to the counties named, nor that there was a claim of title by any purchaser either with or without notice of defendant's title.

Although the title of defendant might have been defeated, had Dungan conveyed to a subsequent innocent purchaser, yet could the plaintiff for this reason alone declare the contract forfeited? There had been a partial performance by the defendant. The title to the lot was good and the assignment of the patent was good as between the parties. Under these circumstances we are of the opinion that the only remedy of plaintiff was in damages for a breach of the contract.

But granting that there had been a total failure of defendant's title, both in the lot and the patent right, had the plaintiff placed himself in such a position as would enable him to rescind?

He had failed to put the defendant in the position he was

in at the time the contract was made, by returning to him the lath machine, taken with the assignment of the patent.

Story in his work upon contracts, section 977, says : "A contract cannot be rescinded unless both parties can be reinstated in their original situation in respect to their contract. And if one party already have received benefit from the contract he cannot rescind it wholly, but is put to his action for damages."

The plaintiff offered no evidence tending to show a return of the lath machine or that he placed the defendant in the position he was before the contract, and until he did so he had no right to declare the contract rescinded.

Judgment reversed.