[The following opinions were retained on petitions for rehearing, and did not come into my hands in time for insertion in their chronological order.— REPORTER.]

## SWAYNE v. WALDO.

| 73 | 749 |
| 99 | 555 |

| 73 | 749 |
| 141 | 572 |

1. **Appeal**: PRACTICE: REVIEW OF EVIDENCE IN LAW CASE. In an ordinary action at law tried to the court, the finding of facts made by the court has the force and effect of the verdict of a jury, and will not be disturbed on appeal where there is a fair conflict in the evidence.

2. **Vendor and Vendee**: FALSE REPRESENTATIONS AND WARRANTY: KNOWLEDGE IMMATERIAL. In an action for false representations and breach of warranty as to the quality of land purchased, where there was evidence to support the finding that defendant represented and warranted the lands to be of a certain quality and location, and that the same were false, and made with the intention to deceive and swindle plaintiff, held that it was not necessary to a recovery to prove also that plaintiff knew the representations to be false, as such knowledge is not necessary in case of a false warranty. (Holmes v. Clark, 10 Iowa, 423, distinguished.)

3. ———: ———: RESCISSION AFTER PARTIAL PERFORMANCE. In such case, where the land was paid for by a stock of goods, which was incumbered, and defendant afterwards paid off the incumbrance, and plaintiff tendered back the land, but did not tender the amount paid in discharge of the incumbrance on the goods, held that there could be no rescission of the contract, but that plaintiff's remedy was to keep the land and to recover damages equal to the difference between the price at which he took it and what it was actually worth. (Compare Moore v. Bare, 11 Iowa, 198, and Gates v. Reynolds, 13 Id., 1.)

*Appeal from Ida Circuit Court.*

TUESDAY, JUNE 7, 1887.

ACTION AT LAW. The material allegations in the petition are that the plaintiff was the owner of a stock of goods which he sold to the defendant, and in consideration thereof the defendant assigned and transferred to the plaintiff certain contracts which the former owned for the conveyance of certain land in Nebraska, at the price of $12.50 per acre; that

defendant represented and warranted said land to be choice, well-lying, good soil, and in every respect first-class, tillable farm land, within two and a half miles of the town of O'Connor, Nebraska, and that said representation and warranties were false, and that the plaintiff relied thereon; that in fact said land was not worth more than four dollars per acre, and that the plaintiff tendered back said contracts duly assigned to the defendant, and demanded of him $2,660. Wherefore the plaintiff asked judgment for said sum, with interest. Issue being joined, there was a trial to the court, a finding of facts made, and judgment for the plaintiff. The defendant appeals.

*Gray, Warren & Buchanan* for appellant.

*Harrington & Brockett* and *Homer S. Bradshaw*, for appellee.

SEEVERS, J.—I. This being an action at law, the finding of facts made by the court has the force and effect of a verdict of a jury. It is not our province to weigh the evidence and determine any question of fact, as if the action was in equity. If there is evidence which, fairly considered, warrants the finding of the court, we cannot disturb it. After carefully reading the evidence, we feel constrained to say that the court was fully justified in making the finding it did. It is not our custom to set out the evidence at length, or state the reasons upon which our conclusion is based; and we deem it unnecessary to do so in this case, except as will hereafter be done in the discussion of certain legal propositions made by counsel.

1. APPEAL: practice: review of evidence in law case.

II. It is said there is no evidence tending to show that the defendant knew that the representations made were false, and that this is essential in this action. In support of this position, *Holmes v. Clark*, 10 Iowa, 423, and other cases, are cited. In the cited cases there were false representations only. In the case at bar it is alleged in the petition, and the court

2. VENDOR and vendee: false representations and warranty: knowledge immaterial.

found, that the defendant "represented and warranted the lands to be choice, well-lying land, and in every respect first-class farm land, lying within about two miles of O'Connor, Nebraska," and that the same "were false, and made with the intention to deceive and swindle the plaintiff." There is evidence upon which this finding can be supported, and therefore we think this case distinguishable from the cited cases; for it is undoubtedly true that, if an article is warranted to be of a certain character, and this is shown to be false, the party injured may recover damages for a breach of warranty, without showing that the party making the warranty knew it to be false.

III. The court found that the "defendant paid as outstanding indebtedness against said stock, including a lien he held, the sum of $2,755.50, so that the amount defend-

3. ——: ——:
rescission
after partial
performance.

ant received for the land was $2,646;" and the court also found that the plaintiff duly tendered back to the defendant the contracts for said land duly and legally assigned to him, and declared that he elected to rescind the contract. The plaintiff did not ask in the petition a rescission of the contract, but the parties seem to have tried the case on the theory that he did, and the court seems to have so understood. It will be observed that the court found that the defendant had paid, in pursuance of the contract, certain indebtedness of the plaintiff, amounting to $2,765.50, and therefore the contract was partially performed on his part. The plaintiff did not offer to pay such amount to the defendant. This being so, can he rescind, or what is the amount he is entitled to recover? We think the settled rule in such case is that the contract cannot be rescinded, and that the plaintiff can only recover such damages as he has sustained. That is, he must keep the land, and is entitled to recover the difference between the contract price and what it is worth. (*Moore v. Bare*, 11 Iowa, 198; *Gates v. Reynolds*, 13 Id., 1.) The court found the goods were not actually worth the amount the defendant agreed to pay, and, as

a conclusion of law, found the plaintiff was entitled to recover $2,363.60; this being, as the court thought, the amount the plaintiff gave for the land. Now, it is stated in the petition, in substance, that the land is of the actual value of four dollars per acre; and, as there is about 300 acres, it is evident the judgment is excessive, and for a greater amount than plaintiff is entitled to recover.

There are other errors assigned and urged by counsel, none of which are well taken. For the error above stated, the judgment is                                          REVERSED.