ANNA STOCHL ET AL., APPELLEES, V. WILLIAM C. CALEY, APPELLANT.

FILED JUNE 3, 1896. No. 6620.

1. **Vendor and Vendee:** MISREPRESENTATIONS: RESCISSION. Misrepresentations as to the location, quality, and value of real estate by a vendor are sufficient grounds for rescission when relied upon by the vendee and he is unacquainted with its value and condition, and has been prevented by the fraud of the vendor from making an examination of the property.

2. **Misrepresentations as to Real Estate.** Evidence *held* sufficient to support the findings of the trial court.

APPEAL from the district court of Knox county. Heard below before JACKSON, J.

*W. L. Henderson* and *O. W. Rice*, for appellant.

*J. H. Berryman, contra.*

NORVAL, J.

This was an action by Anna Stochl and C. H. Stochl against William C. Caley for the rescission of a contract and the cancellation of a deed executed in an exchange of real estate. From a decree in favor of the plaintiffs, the defendant appeals.

On and prior to February 25, 1892, the plaintiff, Anna Stochl, was the owner of lots 4, 5, and 6, in block 189, in County Addition to the city of Wahoo, which were occupied by her and her husband, Hynek Stochl. Prior to said date, negotiations were pending between said Anna Stochl and defendant for the exchange of the said Wahoo property for 160 acres of land in sections 9 and 10, town 30, range 5 west, in Knox county, which last described tract was owned by one Conrad Kyriss, and on which the defendant had an option contract of purchase, although plaintiffs at the time were not aware of such fact, the defendant having represented and claimed to them to be such owner. On said date an exchange was effected, plaintiff, Anna Stochl, and her husband deeding said property in Wahoo to defendant, and he causing Conrad Kyriss to convey the Knox county land to the plaintiff C. H. Stochl, the son of Anna and Hynek Stochl. Plaintiffs claim that by fraud and deceit practiced upon them by the defendant they were induced to make the trade, and upon this ground they ask to have the contract and deeds annulled. It appears from the record that Anna Stochl and her husband, prior to the exchange, had never seen the Knox county land and were unacquainted with its quality and value. In November, 1891, during the negotiations leading up to the transfer, Anna Stochl sent her son, her co-plaintiff, to Knox county to view the premises. The defendant procured Jacob Bloom, a son-in-law of Conrad Kyriss, to go with Caley and young Stochl to point out the land. Caley and Bloom testified that the identical land conveyed to C. H. Stochl was shown and pointed out to him on that trip; while C. H. Stochl testified positively that other lands, of better soil and more valuable, were shown him. There is also evidence tending to show that the defendant represented to Mrs. Stochl that nearly one-third of the 160 acres was in cultivation, and from fifty to seventy acres more were capable of being cultivated and were suitable for farming purposes; that the remainder was pasture

land, and that the entire quarter section was worth $15 per acre; that the land shown the son did not answer this description; that the tract actually conveyed was rough and hilly, of but little value, not over forty acres had been farmed and the remainder was not capable of being reduced to cultivation, and that plaintiffs relied upon the representations of the defendant as to the location, quality, and value of 160 acres of the land conveyed. Soon after the discovery of the fraud and deceit practiced, this action was instituted. A careful perusal of the bill of exceptions reveals a sharp conflict in the testimony, not only as to the representations made by the defendant, but as to the land actually shown the son. The rule as to findings based upon conflicting evidence is applicable to the case before us. This court cannot retry questions of fact, or weigh the testimony or pass upon the credibility of witnesses; that is the province alone of the district court. The finding being supported by sufficient evidence upon each material issue in the case, it cannot be disturbed by us.

It is argued that since the son of Mrs. Stochl went to view the land, she cannot be heard to say that she relied upon the representations of the defendant. Had not the wrong tract been pointed out to the son, there would be more merit to this contention. The son was prevented from making an examination of the property by the fraud and deceit practiced by the defendant, and the case falls within the rule laid down in *McKnight v. Thompson*, 39 Neb., 752, and *Hoock v. Bowman*, 42 Neb., 80. The decree is

AFFIRMED.