GEORGE W. BRETT AND D. W. TELFORD v. LAWRENCE M. VAN AUKEN, Appellant.

**Misrepresentation: RESCISSION:** *Vendor and vendee.* Where a vendor falsely represents that a certain proportion of the land is tillable, and insists on consumating the sale at once, knowing that the vendee has not examined the property and does not intend to, but takes it with the express understanding that the representations as to its quality are true, such vendee may rescind the contract, though the vendor may not have known that his representations were untrue.

*Appeal from Cerro Gordo District Court.*—HON. J. C. SHERWIN, Judge.

MONDAY, OCTOBER 26, 1896.

ACTION in equity to rescind a contract of purchase of certain real estate on the ground of fraud, and for judgment for the purchase price paid.  The defendant answered, denying the allegations of fraud.  Decree was rendered canceling the contract, and judgment was entered in favor of the plaintiffs for one thousand four hundred and twenty-six dollars and costs. Defendant appeals.—*Affirmed.*

*Cliggitt & Rule* and *S. G. Van Auken* for appellant.

*J  J.  Clark* for appellees.

GIVEN, J.—On March 2½, 1892, the plaintiffs purchased of the defendant a certain eighty-acre tract of land in Cerro Gordo county, at the agreed price of one thousand two hundred and forty dollars, which price was then paid, and a deed executed and delivered to the plaintiffs. Plaintiffs allege, as grounds for the relief as follows: "That, for the purpose of inducing the plaintiffs to purchase the said lands, the said defendant falsely and fraudulently stated and represented to the plaintiffs that there were upon said land, from sixty to sixty-five acres thereof, that was good, tillable land, and that that number of acres thereon were at said time capable of and could be then cultivated and plowed; that the said tillable land lay in a body, and was much better land than the eighty acres that lay adjoining it on the north side; and that he had been to the land, and must close out the sale that day for cash, if sold at all. That the plaintiffs at the time had not time or opportunity to then go and see the land or examine the same, it being situated about twenty-five miles from Mason City, Iowa, the home of the plaintiffs, and was covered with snow." The defendant denies these allegations, and herein is the controlling issue in the case. The evidence is somewhat voluminous, and it is unnecessary to consume space to here set it out. It is sufficient to say that, though conflicting, we think it established by a fair preponderance that the defendant, knowing that the plaintiffs were relying thereon, and for the purpose of inducing them to purchase the land, represented to them that there were sixty to sixty-five acres of good, tillable land lying in one body, on said eighty-acre tract. The witnesses vary in their estimates of the amount of tillable land, but none of them places it as high as sixty acres. The weight of the evidence is in favor of the conclusion, that in the aggregate,

there is much less than sixty acres of tillable land in the tract, and not to exceed ten or fifteen acres in any one body. It is evidently an inferior tract of land, much cut up with ponds, marshes, and gravel knolls, that separate the tillable land into small tracts. We think it is clearly established, that said representations made by the defendant, are not true.

Appellant insists that these representations, if made, were mere expressions of opinion, upon which plaintiffs did not, and had no right to, rely, and that it was within the power of the plaintiffs to have examined the land for themselves, and therefore they are not entitled to relief because of said representations. It is questioned whether, because of the presence of snow on the ground, plaintiffs could have examined the land so as to determine the amount of tillable ground, but in the view we take of the evidence, this is immaterial. It is shown that the defendant insisted upon consummating the sale upon that day; that he knew that the plaintiffs had not examined, and did not intend to examine the land, but that they were making the purchase, relying upon his representations as to its quality. The evidence is that, defendant having made said representations, the plaintiffs said to him that if the representations were true, they would take the land at the price named, and that the defendant replied that they were true. The representations were not made as an expression of judgment or opinion, but as a statement of facts, and being so made for the purpose of influencing the plaintiffs, and with the knowledge that they were relying thereon, the defendant is bound thereby. See *Mitchell v. Moore*, 24 Iowa, 394; *Montgomery v. Shockey*, 37 Iowa, 107; *Hood v. Smith*, 79 Iowa, 621 (44 N. W. Rep. 903); *McGibbons v. Wilder*, 73 Iowa, 535 (43 N. W. Rep. 520); *Swayne v. Waldo*, 73 Iowa, 749 (33 N. W. Rep. 78); *Mohler v. Carder*, 73 Iowa, 582 (35 N. W. Rep.

647); *Straff v. Swafford,* 79 Iowa, 135 (44 N. W. Rep. 293). Appellant cites a number of cases wherein the representations made were held to be a mere expression of opinion, but in none of these does it appear, as in this case, that the purchase was made upon the express condition that the representations were true. This purchase having been made upon the distinct understanding between the parties that it was upon the faith of the truth of the representations, it is immaterial to plaintiffs' right to relief whether or not defendant knew the representations to be false. He contracted to convey land of the quality represented; the plaintiffs took it, relying on the representations, as it was intended they should; and, the land not being as represented, they have a right to have the contract rescinded and to recover back the money paid.— AFFIRMED.