FRANK M. ROSS, APPELLEE, V. CHARLES E. SUMNER ET AL., APPELLANTS.

FILED FEBRUARY 9, 1899. NO. 8677.

1. **Vendor and Vendee:** RESCISSION. A false representation by the vendor of land situated in another state, as to the character, location, and value of the property, relied on by the vendee, who had no other knowledge, is ground in equity for rescinding the contract.

2. **Review.** The supreme court will not disturb a finding based on a conflict of evidence.

3. **Decree.** A decree must conform to the pleadings and evidence.

APPEAL from the district court of Buffalo county. Heard below before GREENE, J. *Modified.*

*Francis A. Brogan, Ira D. Marston,* and *S. M. Nevius,* for appellants.

References: *Jones v. Wessel,* 40 Neb. 115; *Stetson v. Riggs,* 37 Neb. 797; *Ish v. Finlay,* 34 Neb. 419; *Hodsden v. Hodsden,* 72 N. W. Rep. [Minn.] 562; *Wheatley v. Wheatley,* 102 Ia. 737; *New York Life Ins. Co. v. Miller,* 32 S. W. Rep. [Tex.] 550; *Lovett v. Taylor,* 34 Atl. Rep. [N. J.] 896; *First Nat. Bank v. Yocum,* 11 Neb. 329.

*John S. Kirkpatrick, contra.*

References: *Schade v. Bessinger,* 3 Neb. 140; *Roche v. Norfleet,* 63 Ill. App. 612; *Stinson v. Anderson,* 96 Ill. 373; *Bovee v. Hinde,* 135 Ill. 137; *Provart v. Harris,* 150 Ill. 40; *Wilson v. Wilson,* 158 Ill. 567; *Koehler v. Hughes,* 148 N. Y. 507; *Jordan v. Davis,* 108 Ill. 336; *Prutsman v. Baker,* 30 Wis. 644.

NORVAL, J.

This suit was instituted by Frank M. Ross for the rescission of a contract for the exchange of lands and to require the reconveyance by the defendants to plaintiff of the real estate conveyed by the latter under said contract. There was a hearing on the merits, and a decree against the defendants. They appeal.

In December, 1894, plaintiff and the defendant Charles E. Sumner entered into a verbal contract, whereby the former agreed to convey to the latter eighty acres of land owned by Ross and situate in Buffalo county, this state. In exchange therefor said defendant agreed to convey to plaintiff about sixty acres of real estate located near Colton, in San Bernardino county, in the state of California. Plaintiff, in pursuance of the terms of the agreement, together with his wife, executed and delivered to Mr. Sumner a deed to the Buffalo county real estate, which the grantee caused to be duly recorded. Mr. Sumner likewise executed to Mrs. Ross, the wife of the plaintiff, a deed for the California tract, which, according to the undisputed evidence, was merely a temporary conveyance to be held by plaintiff until such time as Mr. Sumner could procure a more accurate description of his land, when the latter and his wife were to execute a new conveyance of the property which was to be exchanged for the said temporary deed. Subsequently, the Sumners executed a proper deed, which was sent to his agent, H. B. Strout, at Lincoln, to be by him delivered to plaintiff. Mr. Strout duly tendered this conveyance to Ross, who declined to accept the same, because he had been induced to make the exchange of properties by reason of certain false representations made by Mr. Sumner, and that the deed tendered did not conform to the contract, in that it described two separate tracts, while Mr. Sumner, it is asserted, when the trade was arranged, represented that his land laid in a single body. This deed was returned by Strout to Sumner, and the plaintiff has never received

or accepted the same. Subsequently this suit was brought.

It is disclosed that neither party was acquainted with or knew the land the other proposed to exchange, and that each relied upon the representations and statements made by the other. Plaintiff alleges as ground for relief, and he so testified on the trial, that Mr. Sumner, during the negotiations for the exchange, represented to plaintiff that his land was level, consisted of a single tract, was worth at least $50 per acre, was all under ditch and could be easily irrigated, was good fruit land, and could all be cultivated. The defendant denies making the representations imputed to him, but plaintiff's version of the transaction is in several important particulars corroborated by the testimony of H. B. Strout, who, both parties agree, was present during a portion of the time the trade was being negotiated. The trial court passed upon the conflicting evidence, and we decline to review the proofs further than to ascertain that they are sufficient to sustain the findings of fact. A careful perusal and scrutiny of the entire evidence leaves no room to doubt that the trial court was justified in finding that at least more than one of the representations above specified were made by Mr. Sumner as an inducement to Mr. Ross to deed his land. The evidence, however, fails to show that all such representations and statements were false and untrue. It was established beyond question that Mr. Sumner's land did not lay together in a single body, but consisted of two separate tracts. There was likewise evidence tending to show that when the contract for the exchange was made Mr. Sumner's land was worth about $40 per acre, and all of it could not be easily irrigated. These representations, which were shown to be false and untrue, were of a material character, and having been relied upon by plaintiff, were sufficient cause for the rescission of the contract and for the interposition of a court of equity. (*Delorac v. Conna*, 29 Neb. 791; *Morgan v. Dinges*, 23 Neb. 271; *Hoock v. Bowman*, 42 Neb. 80; *Stochl v. Caley*, 48 Neb. 786.)

In argument by defendants it is stated that plaintiff should be denied relief because the title to the California land remains in Julia E. Ross, plaintiff's wife, and for that reason defendants have not been placed *in statu quo* by returning the consideration. To this proposition there is a ready answer. In the first place it is conceded by both parties that the deed executed by Mr. Sumner alone to Mrs. Ross was regarded as temporary only, to be held until such time as a perfect description of the California land could be obtained, when Mr. Sumner and his wife were to execute a permanent conveyance. The "temporary deed," as the first one is called by both parties, was never recorded, and it was the understanding of both parties that it was to be surrendered to the grantees; and in pursuance thereof the deed was returned to Mr. Sumner, who testified that he received it by registered mail. The delivery of the deed to plaintiff under those circumstances and its surrender to the grantor left the legal title to the California land in Mr. Sumner. Had the deed been executed and received by plaintiff as a permanent transfer of the property, then a redelivery to the grantor would not have revested the title in him. But this is not the case at bar.

The decree does not conform to either the pleadings or the evidence in one particular. While the court found the issues in favor of the plaintiff, the decree orders a reconveyance of the Buffalo county land to Julia E. Ross. The pleadings did not ask this to be done, nor did the evidence warrant an adjudication in her favor. She was not before the court. Frank M. Ross was the owner of the property, and the decree should have directed a reconveyance of the land to him. The decree will be accordingly modified.

DECREE MODIFIED.