IN RE ESTATE OF MORRIS A. TALBOTT.

JOHN H. HIMMELBERGER, Appellee, v. CENTRAL STATE BANK, Administrator, Appellant.

PARTNERSHIP:    Partners—Extent of Interest—Presumption.    The
1   presumption, in the absence of a contrary showing, that partners hold equal interests in the partnership is, of course, rebuttable.

TRIAL:   Direction of Verdict—Claims Against Deceased.   On the ques-
2   tion whether a verdict should be directed in favor of a claimant, the record may present such circumstances that some consideration should be given to the fact that the claim is against the estate of a deceased. (See Book of Anno., Vol. 1, Sec. 11508, Anno. 52 *et seq.*)

APPEAL AND ERROR:     Decision—Law of Case—Matters Not Dis-
3   posed of.   Matters which are not disposed of in an appellate opinion necessarily stand for retrial as though no appeal had ever been taken. (See Book of Anno., Vol. 1, Sec. 12871, Anno. 56 *et seq.*)

EVIDENCE: Parol as Affecting Writings—Partnership Interest. Parol
4   evidence is admissible to show that, at a time subsequent to written
    articles of partnership which fixed the interest of each partner, the
    interests of the various partners were, by reason of oral agreement,
    different from those recited in the former writings.

PLEADING: Amendments—Amendment After Appeal. An amendment
5   which is filed after reversal on appeal, and filed in order to conform
    the pleadings to the real issue, as determined on the appeal, should not
    be stricken, especially when the same issue appears to have been volun-
    tarily litigated on the original trial. (See Book of Anno., Vol. 1, Sec.
    11182, Anno. 122 *et seq.*)

Headnote 1:   30 Cyc. p. 445.   Headnote 2:  38 Cyc. p. 1565.   Head-
note 3:   4 C. J. pp. 1098, 1216.   Headnote 4:   22 C. J. pp. 1256, 1274.
Headnote 5:   4 C. J. p. 1227.

Headnote 3:   34 L. R. A. 333; 2 R. C. L. 228.   Headnote 4:   17 L. R.
A. 272; 10 R. C. L. 1033.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action to recover on a claim filed in said estate by John H.
Himmelberger, based on ten promissory notes. From a directed
verdict in favor of the claimant the administrator appeals.—
*Reversed.*

*Nourse & Nourse,* for appellant.

*Lehmann, Seevers & Hurlburt* and *Oliver & Oliver,* for ap-
pellee.

ALBERT, J.—This is the second appeal in this case, the first
appeal being disposed of by an opinion reported in 200 Iowa
585. That opinion makes the law of this case, and closes as fol-
lows:
" * * * we may say that, in case of a recovery, the amount
allowed on the claim should not exceed such proportion of the
amount found due on the notes as the estate of Talbott has in-
terest in the partnership."

The facts are recited in that opinion, and need not be set out herein, except a brief outline, to the end that this ruling may be understood.

In October, 1905, Talbott, Himmelberger, Beach, and Mc-Connell formed a partnership, and entered into a contract with the city of Baltimore for the construction of certain public im-

1. PARTNERSHIP: partners: extent of interest: presumption.

provements, under the name of M. A. Talbott & Company. Shortly thereafter, they organized a corporation, under the name of "The M. A. Talbott Company." They continued in the business of taking contracts and constructing public improvements, and their business became quite extensive, they having constructed improvements in various cities to an amount of $3,500,-000 to $4,000,000. From time to time, the partnership changed, Beach and McConnell retiring therefrom at different times. On account of the retirement of the original members and the change of the business relations of the parties therein, eleven different contracts were made, referring to the interest of the respective parties in the partnership, and also as to the shares of stock held by the different members. The concession is made by claimant, Himmelberger, that he is and was the owner of a one-half interest in the partnership. The claim of the defendant was that he was the owner of a larger share in said partnership than the said one-half interest, and to support this contention it introduced these various contracts, together with some oral testimony. The last contract was dated September 12, 1911. It was made between Talbott and Himmelberger, and recited that they were the sole members of the partnership, and that said partnership owned 219 shares of capital stock in the M. A. Talbott Company, and they distributed said shares as follows: 73 shares to Talbott, 73 to Himmelberger, and 73 to the M. A. Talbott Company. This places approximately all of the shares of stock in said corporation in its treasury, except the 146 shares held by Talbott and Himmelberger.

It is, of course, a well recognized principle of law that, where a partnership exists, in the absence of all evidence the presumption is that the partners have equal shares therein. *Moore v. Bare,* 11 Iowa 198; 30 Cyc. 445, Note 23. With this principle of law as a starting point, Himmelberger and Talbott would be presumed to each own a one-half interest in the part-

nership, and to be equally liable, as between themselves, to pay one half of the liabilities of the partnership. The question, therefore, is whether or not there was sufficient evidence in this case to take the question to the jury, to overcome this presumption. The district court was of the opinion that there was not evidence enough to overcome the presumption, and therefore directed a verdict in favor of the defendants. It is the claim of the appellee, in substance, that, while there might be some testimony in the record that would tend to show that Himmelberger was the owner of a larger proportion of the interest in said partnership than Talbott, yet the same is so hazy, indefinite, and uncertain as to just what that interest was, that the question was rightfully withdrawn from the jury.

It is impossible within the space that an opinion should occupy for us to detail all of this record. The claim of the appellant is that, under the evidence and the record, the jury could

2. TRIAL: direction of verdict: claims against deceased.

have found that Himmelberger had a two-thirds interest in said partnership, and Talbott a one-third; and with this contention of appellant's we are disposed to agree,—not necessarily as to the proportion that appellant claims, but we feel that there was sufficient dispute in the evidence as to the shares owned by the respective parties to take that question to the jury. In the light of the written contracts and the oral evidence relating thereto, and the fact that Talbott was deceased, and hence could not testify in the case by way of contradiction of any testimony given or explanatory thereof, we think the court should have allowed the jury to pass upon this question.

Further than this, there is a plea in the case of the statute of limitations, and evidence was introduced in relation thereto. This was a fact question wholly, but was not disposed of in the

3. APPEAL AND ERROR: decision: law of case: matters not disposed of.

first submission of the case in this court; and, so long as there was a contention between the parties over this question, we do not think the court was warranted in taking the same from the jury.

As heretofore stated, there seem to have been numerous shiftings of the ownership of the stock of the corporation, and also various changes in the interests of the partners. Com-

4. EVIDENCE: parol as affecting writings: partnership interest.

plaint is made of the testimony of several witnesses in which they attempted to state the interest of different partners at different times. Of course, the written contracts stating these matters at given times could not be changed or varied by oral testimony; but a statement in one of the writings that, on a certain date, the interests of the various partners were of a certain proportion would not prevent a witness who had the knowledge from testifying that, at a subsequent time, the interests of the partners were varied by reason of oral agreements between the parties, or circumstances showing a change of their rights; but oral testimony should not be admitted, to show that, on the date of any one of these various contracts, the interests of any of the partners were other or different from that recited in the writing.

As to the decision of the first appeal in this case, the administrator added a seventh count to his answer, alleging that Talbott had a minority interest in the partnership; hence that

5. PLEADING: amendments: amendment after appeal.

he was not liable for the amount claimed by the plaintiff. The court struck this, and its ruling is assigned as error. It should not have been stricken. It was evidently filed to meet the issue as stated by this court in its original opinion; and, while this issue was in the first submission of the case, it seems to have been rather by way of a voluntary issue than otherwise, and the appellant had the right to amend its answer accordingly. What has been previously stated with reference to the statute of limitations would show that the court should not have stricken the count pleading such statute from the answer.

Some other questions are discussed in the very able arguments filed in this case, but they are not likely to arise on a retrial of the case; hence we do not give them further consideration.—*Reversed.*

EVANS, C. J., and MORLING and KINDIG, JJ., concur.